William O. Martin, Jr. (Bar No. 135399)
wmartin@hbblaw.com
R. Bryan Martin (Bar No. 221684)
bmartin@hbblaw.com
Kristian Moriarty (Bar No. 291557)
kmoriarty@hbblaw.com
Frances P. Ma (Bar No. 265338)
fma@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
2050 Main Street, Suite 600
Irvine, California 92614
Telephone: 714.426.4600
Facsimile: 714.754.0826

Attorneys for Defendants and
Counterclaimants FIELDTURF USA,
INC., FIELDTURF, INC., and
FIELDTURF TARKETT SAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CHAFFEY JOINT UNION HIGH SCHOOL DISTRICT, a political subdivision of the state of California,<br><br>Plaintiff,<br><br>v.<br><br>FIELDTURF USA, INC., A Florida corporation; FIELDTURF, INC., a Canadian Corporation; and FIELDTURF TARKETT SAS, a French corporation,<br><br>Defendant. | Case No. 5:16-cv-00204-JGB-DTB<br><br>**DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED BY PLAINTIFF WITH REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 20, 2017<br>Time: 9:00 a.m.<br>Crtrm.: 1<br><br>The Hon. Jesus G. Bernal<br>Trial Date: Not Set |

Defendants FieldTurf USA, Inc., FieldTurf, Inc. and FieldTurf Tarkett SAS (collectively, "Defendants") hereby submit the following Objections to New Evidence Submitted by Plaintiff Chaffey Joint Union High School District ("Plaintiff") in its Reply filed in support of its Motion for Partial Summary Judgment.

///

///

# OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF ITS REPLY

| Fact No. | Fact | Objection |
|---|---|---|
| | "In its sales materials concerning the fields, FieldTurf promised to deliver to Chaffey an 8-year warranty after the fields were installed, but other than the duration of the warranty, and the fat that its performance would be insured by Chubb, its precise terms and conditions were never discussed prior to contracting, its terms and conditions are not set forth in the Contracts and the warranties were not delivered to Chaffey until after the fields were installed."<br><br>Supplemental Declaration of Mike Harrison ("Doc. #76-1"), ¶3, p. 2, lns. 18-25. | Violates Local Rule 7-5 (*submission of all evidence in support of moving papers*);<br><br>Violates Federal Rules of Civil Procedure ("FRCP"), Rule 56(c); *Provenz v. Miller* (9th Cir. 1996) 102 F.3d 1478, 1483 (new evidence submitted in reply to a motion for summary judgment should not be considered without giving the non-moving party an opportunity to respond);<br><br>Violates FRCP, Rule 56(h) (*Bad faith submission of declaration*).<br><br>Federal Rules of Evidence ("FRE") 1002 and 1004 (*Best Evidence*);<br><br>FRE 801 (*Hearsay*). |
| | "Those warranties are signed by FieldTurf, but no Chaffey official | Violates Local Rule 7-5 (*submission of all evidence in |

Haight

Haight

| | | |
|---|---|---|
| | ever countersigned them, nor did FieldTurf ever request such a counter signature."<br><br>Doc. #76-1, ¶ 3, p. 2, lns. 25-28. | support of moving papers);<br><br>Violates FRCP, Rule 56(c); *Provenz v. Miller* (9th Cir. 1996) 102 F.3d 1478, 1483 (new evidence submitted in reply to a motion for summary judgment should not be considered without giving the non-moving party an opportunity to respond);<br><br>Violates FRCP, Rule 56(h) (*Bad faith submission of declaration*).<br><br>FRE 1002 and 1004 (*Best Evidence*);<br><br>FRE 801 (*Hearsay*). |
| | "The only feature of the 8-year warranty that was important to Chaffey was the fact that it was insured by Chubb, and thus would be a remedy available to the District in the event that FieldTurf was no longer in business." | Violates Local Rule 7-5 (*submission of all evidence in support of moving papers*);<br><br>Violates FRCP, Rule 56(c); *Provenz v. Miller* (9th Cir. 1996) 102 F.3d 1478, 1483 (new evidence submitted in reply to a motion for summary judgment |

| | | | |
|---|---|---|---|
| 1 | | Doc. #76-1, ¶ 4, p. 3, lns. 1-3. | should not be considered without giving the non-moving party an opportunity to respond); |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | Violates FRCP, Rule 56(h) (*Bad faith submission of declaration*). |
| 6 | | | |
| 7 | Haight | "In fact, FieldTurf repeatedly advertised in its marketing materials that its third-party insured warranty was an additional layer of security available to its customers and therefore, another reason to purchase fields from FieldTurf."<br><br>Doc. #76-1, ¶ 4, p. 3, lns. 3-6. | Violates Local Rule 7-5 (*submission of all evidence in support of moving papers*);<br><br>Violates FRCP, Rule 56(c); *Provenz v. Miller* (9th Cir. 1996) 102 F.3d 1478, 1483 (new evidence submitted in reply to a motion for summary judgment should not be considered without giving the non-moving party an opportunity to respond);<br><br>Violates FRCP, Rule 56(h) (*Bad faith submission of declaration*). |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | "Accordingly, after FieldTurf delivered its 8-year warranties to the District following installation of the fields, the District was careful to make sure that it always had a certificate of | Violates Local Rule 7-5 (*submission of all evidence in support of moving papers*);<br><br>Violates FRCP, Rule 56(c); *Provenz v. Miller* (9th Cir. 1996) |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | insurance on file with respect to the Chubb policy. Attached hereto as Exhibit A is a true and correct copy of an email exchange between my assistant and FieldTurf with respect to such issues."<br><br>Doc. #76-1, ¶ 4, p. 3, lns. 6-10. | 102 F.3d 1478, 1483 (new evidence submitted in reply to a motion for summary judgment should not be considered without giving the non-moving party an opportunity to respond);<br><br>Violates FRCP, Rule 56(h) (*Bad faith submission of declaration*). |
| 10<br>11<br>12<br>13<br>14 | | FRE 1002 and 1004 (*Best Evidence*);<br><br>FRE 801 (*Hearsay*). |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | "As far as Chaffey was concerned, the Limited Warranty was applicable to Chaffey's transaction with FieldTurf insofar as it provided an additional layer of third party insured protection for eight (8) years after the fields were installed. Any limitations of remedies set forth in the Limited Warranty were neither discussed with, nor agreed to, by Chaffey."<br><br>Doc. #76-1, ¶ 5, p. 3, lns. 15-19. | Violates Local Rule 7-5 (*submission of all evidence in support of moving papers*);<br><br>Violates FRCP, Rule 56(c); *Provenz v. Miller* (9th Cir. 1996) 102 F.3d 1478, 1483 (new evidence submitted in reply to a motion for summary judgment should not be considered without giving the non-moving party an opportunity to respond); |
| 28 | | |

Haight

| | | |
|---|---|---|
| | | Violates FRCP, Rule 56(h) (*Bad faith submission of declaration*). |
| | | FRE 1002 and 1004 (*Best Evidence*); |
| | | FRE 801 (*Hearsay*). |

Dated: March 7, 2017                    HAIGHT BROWN & BONESTEEL LLP

By: *Frances Ma*
William O. Martin, Jr.
R. Bryan Martin
Kristian Moriarty
Frances Ma
Attorneys for Defendants and
Counterclaimants FIELDTURF USA,
INC., FIELDTURF, INC., and
FIELDTURF TARKETT SAS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*Chaffey v. Tarkett Sports*
Case No. 5:16-cv-00204-JGB-DTB

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2050 Main Street, Suite 600, Irvine, CA 92614.

On March 7, 2017, I served true copies of the following document(s) described as **DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED BY PLAINTIFF WITH REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 7, 2017, at Irvine, California.

*/s/ Kimberly Bowers*
Kimberly Bowers

**SERVICE LIST**
**Chaffey v. Tarkett Sports**
**Case No. 5:16-cv-00204-JGB-DTB**

| | |
|---|---|
| Peter F. Lindborg, Esq.<br>Irina J. Mazor, Esq.<br>Lindborg & Mazor LLP<br>550 North Brand Blvd., #1830<br>Glendale, CA 91203 | Counsel for Plaintiff<br>Chaffey Joint Union High School District<br>Tel: 818.637.8325<br>Fax: 818.637.8376<br>plindborg@lmllp.com<br>imazor@lmllp.com |
| Jean-Rene Basle, Esq.<br>Carol A. Green, Esq.<br>San Bernardino County Counsel<br>385 N. Arrowhead Avenue, 4th Floor<br>San Bernardino. CA 92415-0120 | Co-counsel for Plaintiff<br>Tel: 909.387.4178<br>Fax: 909.387.5462<br>cgreene@cc.sbcounty.gov |